IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICO R. MCCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-51-WKW [WO] |
| ) | |
| STATE OF ALABAMA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rico R. McCoy, a former correctional officer employed by the Alabama Department of Corrections ("ADOC"), sues ADOC, its Director, and several of his superiors on multiple theories relating to his termination. Before the court is Defendants' motion for summary judgment. (Doc. # 42.) Upon consideration, the court concludes that the motion is due to be granted.

**I. JURISDICTION AND VENUE**

The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1441. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of each.

**II. STANDARD OF REVIEW**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish, with evidence beyond the pleadings, that a genuine issue material to each of its claims for relief exists. Fed. R. Civ. P 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324. What is material is determined by the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry

of summary judgment."). Furthermore, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (internal quotation marks and citation omitted).

A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). If the evidence on which the nonmoving party relies, however, "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (1986) (citations omitted). "A mere 'scintilla' of evidence supporting the [nonmovant's] position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party," *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted), and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment should be granted in favor of the defendant. *Celotex*, 477 U.S. at 323.

Thus, in cases where the evidence is admissible on its face or can be reduced to admissible form and establishes there is no genuine issue of material fact, and where the

party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24.

### III. DISCUSSION[1]

The operative complaint (Doc. # 16) in this case states five counts: (1) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, in relation to the calculation of Mr. McCoy's overtime pay; (2) violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; (3) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, *et seq.* relating to alleged failure to reasonably accommodate Mr. McCoy's kidney problems; (4) brought together in one count, "Title VII and U.S. Constitutional Violations," including violations of 42 U.S.C. §§ 1981, 1983, and 2000e, and violations of Mr. McCoy's alleged constitutional First, Fifth, and Fourteenth Amendment rights to free speech, free association, freedom from race and gender discrimination and retaliation, denial of a property interest or right without due process of law, and violations of the Equal Protection Clause[2]; (5) state-law claims for harassment, slander, libel, mental anguish,

---

[1] Previously, the court continued this case (Doc. # 56) pending a ruling on Mr. McCoy's claims before a state Administrative Law Judge ("ALJ"). ADOC informed the court that the ALJ has ruled against Mr. McCoy (Doc. # 57), and Mr. McCoy filed a notice that he plans to seek review of the ruling. (Doc. # 58.) The court is satisfied that is has subject-matter jurisdiction over the case, given that Mr. McCoy suffered the injury-in-fact of being fired, and ADOC does not ask for an additional delay pending a final ruling by a state tribunal. Some of Mr. McCoy's claims (such as the section 1983 claims) do not require exhaustion in any event, *McKinney v. Pate*, 20 F.3d 1550, 1564 (11th Cir. 1994), while with respect to others than do (Title VII claims, which require exhaustion before the EEOC), ADOC has not raised an exhaustion defense. Because Mr. McCoy's claims are all borderline frivolous and unsupported, the court elects to resolve the summary judgment motion on that basis.

[2] The Amended Complaint also refers to "[o]ther unlawful violations, yet undiscovered" in this count, but the court will not consider any such violations, as none has been subsequently alleged. (Doc. # 16, at 22.)

4

intentional infliction of emotional distress, fraud, theft of property, outrage, invasion of property, and interference with contract.

Defendants' basic defense to all Mr. McCoy's claims is that he was fired not for any improper motive, but because he fell asleep four times on the job.  (Doc. # 43, at 1-3.)  Defendants also more specifically argue that three of the individual Defendants – John Cummins, V.L. Napier, and Vivian Langford – are due to be dismissed from all counts because there is no allegation that they were final decisionmakers with respect to Mr. McCoy's termination.  While this assertion appears well taken in many respects, it would not appear to apply to the state-law torts alleged by Mr. McCoy.  Given that the court must address the individual counts with respect to ADOC and Commissioner Allen in any event, it will simply rely on that analysis in support of dismissal, rather than separately dismissing these three Defendants.

**A.  Fair Labor Standards Act, Family and Medical Leave Act, and Americans With Disabilities Act Claims**

While these three federal statutes differ in their elements, Mr. McCoy's claims pursuant to them are equally frivolous and unsupported by any citations to the record.  The FLSA claim appears to relate to Mr. McCoy's assertion that ADOC failed to pay him overtime "in a timely fashion."  (Doc. # 45, at 2.)  The context of this statement is an allegation that he was retaliated against for taking up his pursuit of overtime pay with superior officers.  There is no explanation of the present state of Mr. McCoy's claims for

unpaid overtime, or any basis in the record by which a jury could make an award on this claim. Accordingly, the motion for summary judgment is due to be granted on the FMLA claim.

The ADA is likewise not referenced at all in Mr. McCoy's response, except indirectly in paragraphs stating that Mr. McCoy has a kidney ailment that causes him to become "lethargic," and that could have been reasonably accommodated by ADOC, but was not. (Doc. # 45, ¶¶ 10-13.) The FMLA claim is perhaps the subject of Mr. McCoy's statement that his family "caused him to miss work occasionally." (Doc. # 45, ¶¶ 14, 15.) In neither case is there any analysis of the elements of the causes of action, or any citations to the summary judgment record. Such bare-bones statements of claims are insufficient to survive summary judgment. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("In opposing a motion for summary judgment, a party may not rely on his pleadings to avoid judgment against him. There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."). Accordingly, the motion for summary judgment is due to be granted as to these claims.

### B. Title VII and Other Discrimination Claims

Mr. McCoy's Title VII and other claims for racial and sex discrimination and for retaliation would appear to fit more closely with the allegations in his Amended Complaint;

6

however, Mr. McCoy still must provide some evidentiary support for these claims at the summary judgment stage. This is especially true in light of Defendants' extensive compilation of evidence showing that Mr. McCoy was fired because he fell asleep on the job on multiple occasions. (*See* Doc. # 42, Exs. 1-31.) Mr. McCoy does not cite anything in these exhibits, or in the lengthy transcript of his hearing before a state administrative law judge (Doc. # 44, Ex. 1-3) to contradict ADOC's theory of the case. Nor did he file any summary judgment evidence of his own. His response brief is filled with unsupported assertions of fact explaining his theory that he was fired in retaliation for various complaints he made to his superiors or to outside agencies. The response does not even mention the race and sex discrimination claims. Mr. McCoy has presented no evidence in support of his claims, multifarious though they are, and, under the appropriate law, there are no genuine issues of material fact with respect to them. Summary judgment is due to be granted in favor of Defendants on all the theories raised in Count IV of the Amended Complaint.

### C. State Law Claims

Mr. McCoy's ten state-law theories fare no better. They go entirely unmentioned and unsupported in his response to the motion for summary judgment, and therefore, are deemed abandoned. Even if he had established a genuine issue of material fact with respect to one or more of them, he does not contest Defendants' claim that they would be entitled to state-law immunity from suit on such claims. As with the other claims, the motion for summary judgment is due to be granted.

## IV.  CONCLUSION

Because there are no genuine issues of material fact in this case, it is ORDERED that the motion for summary judgment (Doc. # 42) is GRANTED.  This case is DISMISSED with prejudice.  Final judgment will be entered separately.

DONE this 18th day of June, 2010.

        /s/ W.  Keith Watkins
UNITED STATES DISTRICT JUDGE