IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RICO R. MCCOY**, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL CASE NO.: CV2:09-51 WKW |
| **STATE OF ALABAMA** | ) |
| **DEPARTMENT OF CORRECTIONS**; | ) |
| Commissioner Richard F. Allen (Individual); | ) |
| Warden John Cummins, II (Individual); | ) |
| Captain V. L. Napier (Individual); | ) |
| Lt. Vivian Langford (Individual); | ) |
| Defendants. | ) |

_____

**MOTION TO AMEND-ALTER-VACATE JUDGMENT**
_____

**COMES NOW** the Plaintiff **RICO R. MCCOY**, by and through the undersigned attorney of record, and petitions this Honorable Court pursuant to *Federal Rules of Civil Procedure 59(e) and 60(b)(1) or (6)* to vacate its opinion of June 18, 2010, and allow this matter to proceed to trial, based upon the following multiple reasons:

1. A mistake exists in the Order regarding the Plaintiff's request to stay all action in this matter until an unbiased jury could decide all issues of disputed fact in this matter. In both the Amended Complaint and the Motion of January 23, 2009, the Plaintiff through undersigned counsel requested a stay of all action until after the jury trial fully resolved the disputed issues of fact, which has not occurred at this point in time.

2. A mistake exists that the Plaintiff admits sleeping on the job; this is a disputed fact,

the Plaintiff denies sleeping on the job the last three (3) times he was written up by the same problematic supervisor. Therefore, a genuine issue of disputed fact exists in this matter which should be resolved by an unbiased jury.

3. The Plaintiff's primary federal action remains a violation of procedural due process by DOC in his dismissal. DOC failed to abide by its own notice provision which requires notice prior to any displinary action taking place and also requires DOC to stay within a 12 month period of time in dismissing employees under the provisions of ***DOC Administrative Regulation 208(k)***. With regards to Plaintiff Rico McCoy, DOC failed to comply with its own notice provision and the due process clause of ***DOC Reg. 208(k)*** requiring a limit of actions to a specific twelve (12) month period along with timely and adequate notice of the charge(s).

4. Clearly, the Plaintiff can prove a prima facie case of retaliatory discharge in violation of ***FLSA 29 USC 215(a)(3)***, since the Plaintiff has suffered at the hands of the Defendant(s) for seeking FSLA compliance. "But for" conflicts with his superiors at DOC directly attributable to the FLSA controversy in violation of 29 USC 215(a)(3), where the supervisors in acts of retaliation have denied Plaintiff additional rights guaranteed by the procedural due process clause of DOC Reg. 208(k) and the vested merit-system employee provisions of the U.S. Constitution as invoked by the 1st, 5th and 14th Amendments to state entities like the State of Alabama Department of Corrections in relation to arbitrarily "taking" property and/or vested rights of merit-system employees, like the Plaintiff in this matter, without proper or timely notice and an unbiased hearing.

See, *Martin v. Brevard County Public Schools, 543 F. 3rd 1261, 1266-1269 (11th Cir. 2008)*; *Parris Miami Herald Pub. Co., 216 F.3rd 1298, (11th Cir. 2000)*; and Strickland *v. Waterworks and Sewer Bd. of Birmingham, 239 F.3rd 199, 1206-1207 (11th Cir. 2001)*. See also, FMLA, 29 U.S.C. Section 2614(a)(1) regarding the right of an employee under FMLA "to be restored by the employer to the position of employment (without reduction in pay) held by the employee when the leave commenced"; 29 CFR Section(s) 825.214(a), 825.216(a) (1999); *O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1354 (11th Cir. 2000)*. Note, Section 2615(a)(2) "intentional discrimination or retaliation"; 29 CFR 825.220(c). Also, for legal theory not result, note, Davis v. Sailormen, Inc., 281 Fed. Appx. 958, 960 (11th Cir. 2008); Rossbach v. City of Miami, 371, F.3rd 1354, 1560 (11th Cir. 2004); and by analogy of the ADA to the Rehabilitation Act of 1973, Section 501, as amended, 29 U.S.C. Section 791: Sutton v. Ladder, 185 F.3d 1203, 1207-1209 (11th Cir. 1999). See, *Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed 2nd 548 (1972)* ["property interest"]; *Viverette v. Lurleen B. Wallace State Junior College, 587 F.2nd 191 (5th Cir. 1979)*; *Beverly v. Mobile County School Board, 678 So. 2nd 113, 115-117 (Ala. 1995)*; *Holley v. Seminole County School District, 755 F.2nd 1492, 1496-1499 (11th Cir. 1985)*. Note, dicta contained in the following regarding "tenured teachers" like the Plaintiff Rico McCoy a vested state employee, Simmons v. Coosa County Board of Education, 2009 WL 1717004 (Ala.Civ. App.) Headnote 5 citing *Roth* relative the property interest guarantees of the 14th Amendment; note, State ex rel Zeman v. Berger, 314 So.2d 700 (Ala. 1975), on the issue that a state employee (teacher) should not have property taken without due process being accorded to said

state employee, which was denied to Plaintiff McCoy.

5. This Court has jurisdiction over this action because a number of federal questions are at issue. (28 USC 1331, 28 USC 1343, 29 USC 216 (b), 29 USC 2617(a)(2), 42 USC 2000e-5(f) ) There are no other forums with the broad authority this Court has to pursue the equitable relief granted by Federal Law, and sought by the Plaintiff, herein. Venue is proper under 28 USC 1391 (b). The actions complained of giving rise to this legal conflict occurred in the Northern Division of the Middle District of Alabama. Also, the subject governmental agency and all individual parties to this matter either reside in or conduct business in the Northern Division of the Middle District of Alabama.

6. Further, the Plaintiff seeks relief from his situation, quoting the Court in *Bailey*: "**The remedies Section 216(b)** provides to employees for violations of the **FLSA's anti-retaliation provision are broader** than those available for violations of the wage and overtime provisions." *Bailey*, 280 F.3rd at 1135, citing; *Snapp v. Unlimited Concepts, Inc.*, 208 F.3rd 928, 933-34 (11th Cir. 2000), cert. denied, 532 U.S. 975, 121 S.Ct. 1609, 149 L.Ed.2d 474 (2001). Clearly, equitable relief is a viable remedy in this controversy. Bailey, 280 F.3d at 1335. The Plaintiff faces immediate irreparable injury should this Honorable Court fail to grant this request for a jury trial, including but not limited to the reasons the Plaintiff cite in his "pro se" filing earlier this month.

DONE this the 14th day of July, 2010 and respectfully submitted,

_____s/Connie J. Morrow\_\_\_\_\_
Connie J. Morrow (MOR057)
Attorney for Plaintiff

ADDRESS OF COUNSEL:
**C. J. MORROW CARRAWAY BAKER, LLC**
113 East Bridge Street
Wetumpka, Alabama  36092
(334) 478-4758
morrow@cmorrowlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have certify that I have served a copy of the foregoing instrument upon the Defendants by placing a copy of the same in the United States mail, postage prepaid and properly addressed, and electronically transferred, on this the 14th  day of July, 2010, as follows:

Department of Corrections
Legal Department-Bart Harmon
P. O. Box 301501
Montgomery, AL   36130

\_\_\_s/Connie J. Morrow_____